

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

April 5, 1947

Honorable S. J. Isaacks,
Chairman, Judicial Committee,
House of Representatives
Austin, Texas

Dear Sir:

Opinion No. V-127

Re: Constitutionality of H. B.
532, 50th Legislature, rela-
tive to delinquent parents.

Your request for an opinion upon the above sub-
ject matter is as follows:

"I am herewith enclosing a copy of a bill,
being known as House Bill 532, with four amend-
ments, which has to do with defining delinquent
parents; providing that delinquent parents are
guilty of misdemeanor and prescribing a penalty.
A question has been raised as to the constitu-
tionality of this proposed legislation. As
Chairman of the Judiciary Committee, it has been
suggested that I refer this bill to you for an
opinion as to its constitutionality.

"It occurs to the writer that the bill as
submitted is a little bit loosely drawn in at-
tempting to define a criminal offense. You will
note that it says: 'who fails or omits to exer-
cise reasonable diligence in the control of such
child.' It occurs to the writer that the ques-
tion of 'reasonable diligence' when a criminal
offense or penalty is sought to be defined should
be a little more explicit. It further provides:
' * * who fails or omits to exercise reasonable
diligence to prevent such child from becoming de-
linquent in morals or integrity are guilty of
juvenile delinquency.'

"As to this quotation we believe that the offense is not sufficiently defined and made certain. It further provides ' *** and who shall wilfully permit such child to associate with vicious or immoral persons or persons who are criminals." It appears to us that this clause would necessitate a definition of 'vicious or immoral persons' with such certainty that the person charged would know who vicious and immoral persons are. We think further that those 'who are criminals', - that it should certainly say: 'who knowingly permits such child to associate with vicious or immoral persons or persons who are criminals.'

"The bill further provides: ' * * * or permit such child to wander the streets in idleness or to become a habitual truant from school.' It occurs to us that if such clause is sufficiently certain, which we hardly believe it is, it certainly should provide that the parent should 'knowingly' permit the child to do these things."

We have carefully examined House Bill No. 532 which accompanied your request - title and body. The title to the Bill is good, and commendably short. We find no fault with it. Nor is there any constitutional or statutory vice in the body of the Bill.

We thank you for your critical analysis of the Bill as to its legal sufficiency. It has been helpful to us. However, the points as to phrasing suggested by you go to the merits of the Bill rather ot its validity. In other words, it is merely a question of the real intention of the Legislature as to what they want to make an offense, i.e., whether they want to make the intentional act of the parent an offense, or the failure or omission in regard to proper safeguarding of the child, unconditionally an offense.

Corpus Juris Secundum, Vol. 22, Section 30, dealing with the title CRIMINAL LAW, has this to say:

"By the express terms of a statute guilty knowledge is sometimes made an essential ingredient of the offense, as where it requires the act to be done 'knowingly', etc. On the other hand, the Legislature may forbid the doing of or the failure to do an act and make its commission or omission criminal without regard to the intent or knowledge of the doer, and if such legislative intention appears the courts must give it effect, and in such cases,

the doing of the inhibited act constitutes the crime, and the moral turpitude or purity of the motive by which it was prompted, and knowledge or ignorance of its criminal character, are immaterial circumstances on the question of guilt; such legislation is enacted and is sustained, for the most part, on grounds of necessity, and is not violative of the federal constitution. * * *."

Pappas v. State, 188 S. W. 52, by the Supreme Court of Tennessee, declares:

"It being clear that in statutory offences a criminal intent or fraudulent intent is not always essential, it is equally clear that whether the scienter is a material element of the crime or not must be determined by the language used by the Legislature in defining the offense.

"In the statute under consideration the words 'wilfully' or 'knowingly' are nowhere to be found. These are the usual words used by the law-making power when it is contemplated by them that the intention of the person violating the statute should be considered as the material element."

In Texas Liquor Control Board v. Duvall, 170 S. W. (2d) 820, a case of cancellation of a license for employing a minor less than 16 years of age, it is said:

"The prohibited act of employing a minor in a position fraught with temptations that may lead to a life of dissipation, is declared in unqualified terms, unrelieved by any language importing that knowledge of the age of the minor, or that either good faith or intent was an element of the offense. In authorizing the cancellation of a license for the sporadic sale of beer to a person under twenty-one years of age, the same Article of the statute, in Subd. 1(a), provides that such sale must be knowingly made; but with reference to the offense of greater enormity, that is, of employing a minor in a business where he is constantly, day after day, exposed to a temptation that may result in his becoming an inebriate, no such qualifying language is found.

> "This construction of the statute is
> in line with that given similar statutes,
> not only by our courts but by courts the
> country over.  In Peacock v. Limburger, 95
> Tex. 258, 66 S. W. 764, our Supreme Court
> answering certified question, held that a sale
> of liquor to a minor constituted a breach of
> the dealer's bond, whether the seller knew
> the fact of minority or not, * * *."

### SUMMARY

House Bill 532, 50th Legislature, creat-
ing the offense of delinquency of parent, mak-
ing it an offense by one "who fails or omits
to exercise reasonable diligence in the control
of such child" without prescribing further that
such failure or omission was "knowingly", does
not make the statute void.  This presents merely
a matter of construction as to the real inten-
tion of the Legislature as to what would consti-
tute the offense, and goes to the merits rather
than the constitutionality of the Bill.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By (Signed) Ocie Speer
Assistant

OS:acm:WB:jrb

APPROVED APR 7, 1947
/s/ Price Daniel
ATTORNEY GENERAL OF TEXAS